**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-7385**

───────────────

ANTONIO CARNELL WHITE,

        Petitioner – Appellant,

v.

UNITED STATES OF AMERICA,

        Respondent – Appellee.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Kenneth D. Bell, District Judge. (5:19-cr-00033-KDB-DCK-1; 5:20-cv-00141-KDB)

───────────────

Submitted: October 24, 2024                      Decided: December 30, 2024

───────────────

Before NIEMEYER, RUSHING, and HEYTENS, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Sarah M. Powell, H. Jefferson Powell, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina, for Appellant. Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio White appeals a district court order that construed his motion for relief from judgment under Federal Rule of Civil Procedure 60(b) as an unauthorized, successive 28 U.S.C. § 2255 motion and then dismissed it for lack of jurisdiction. We affirm because White's initial Section 2255 motion (which alleged ineffective assistance of counsel) was denied on the merits.

A federal detainee's characterization of a motion challenging a previous ruling denying post-conviction relief is not controlling. When a detainee files a putative Rule 60(b) motion that "attacks the substance of the federal court's resolution of a claim on the merits" during a previous Section 2255 proceeding, the new filing "is not a true Rule 60(b) motion, but rather a successive habeas petition." *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015). This distinction matters because successive habeas petitions "may not be filed in district court without preauthorization from a court of appeals," (*id.*) and district courts lack jurisdiction to consider them absent such preauthorization, *Richardson v. Thomas*, 930 F.3d 587, 594–95 (4th Cir. 2019); see 28 U.S.C. § 2255(h).

In determining whether a Rule 60(b) motion is a disguised successive habeas petition, the "threshold inquiry" is whether the decision from which the motion seeks relief "denied the habeas petitioner's constitutional claim *on the merits*." *Richardson*, 930 F.3d at 598. That standard is satisfied here. In its previous ruling, the district court dismissed White's ineffective assistance of counsel claim because it was "conclusory" and "insufficient as a matter of law." *White v. United States*, No. 5:20-cv-00141, 2021 WL 1910777, at *4 (W.D.N.C. May 12, 2021). That was a decision "on the merits" because it

2

represented a determination that there were no "grounds entitling [White] to habeas corpus relief." *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005). The district court thus correctly held it lacked jurisdiction to consider White's current motion absent preauthorization from this Court.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We decline to consider the possibility that the district court's previous ruling was not truly on the merits because the court failed to hold an evidentiary hearing. See 28 U.S.C. § 2255(b). Although White made such an argument in his informal brief and again in his reply brief, the argument is absent from his formal opening brief. Under this Court's precedent, "we treat the formal brief as definitive of the issues for review" and do not consider arguments not raised in the formal opening brief absent unusual circumstances not identified here. *Jones v. Solomon*, 90 F.4th 198, 206 n.6 (4th Cir. 2024) (quotation marks removed); see also *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (alterations and quotation marks removed)).